GILDA ACAMPORA, Respondent, v. ROBERT ACAMPORA, Appellant.— Order denying defendant's motion to modify certain prior orders and to grant him other relief affirmed, with ten dollars costs and disbursements. No opinion. Young, Kapper, Hagarty, Scudder and Tompkins, JJ., concur.

BANK OF MANHATTAN TRUST COMPANY, Successor by Merger to the AMERICAN TRUST COMPANY, as Substituted Trustee under the Last Will and Testament of THOMAS H. SMITH, Deceased, Respondent, v. LOUIS F. WAGNER and MINNIE WAGNER, Appellants.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ.

BLACK AND BOYD MANUFACTURING COMPANY, INC., Appellant, v. GRAND AND FIRST STREET CORPORATION, Respondent.— Order setting aside verdict and granting a new trial unanimously affirmed, with costs. The action is plainly one for conversion, and the rule of damages is well settled in such a case. The decision of this court in *American Stove Company* v. *Weisberg-Goldman Corp.* (238 App. Div. 788, decided February 10, 1933) awarded damages in a similar case on the basis of the value of the converted chattels at the time of the conversion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ.

PAUL BORITSOS, Respondent, v. BUSH TERMINAL RAILROAD COMPANY, Appellant.*— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty and Tompkins, JJ.; Davis, J., not voting.

GARRET FOURNIER, Appellant, v. ANGELO MAURO and Others, Respondents.— Judgment, so far as appealed from, reversed on the law and the facts, with costs, and judgment directed in favor of plaintiff, establishing his lien for the amount found due, with costs. In our opinion, plaintiff's lien is valid and complies substantially with subdivision 4 of section 9 of the Lien Law. Although the lien states aggregate sums as the agreed price and value of the labor performed and to be performed and the materials furnished and to be furnished, it further states the amounts unpaid for the labor performed and for the materials furnished, and the plain inference is that these latter amounts are the agreed price or value of the labor actually performed and the materials actually furnished. This is all that is required by the Lien Law. Findings of fact and conclusions of law inconsistent with this decision are reversed and new findings and conclusions will be made in conformity herewith. Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ., concur. Settle order on notice.

SHIRLEY GITLIN, an Infant, by SAMUEL GITLIN, Her Guardian ad Litem, Respondent, v. MIZRATH KOSHER PROVISION COMPANY, INC., Defendant, and CHARLES GREENMAN, Appellant. MARY GITLIN, Respondent, v. MIZRATH KOSHER PROVISION COMPANY, INC., Defendant, and CHARLES GREENMAN, Appellant. SAMUEL GITLIN, Respondent, v. MIZRATH KOSHER PROVISION COMPANY, INC., Defendant, and CHARLES GREENMAN, Appellant. SAMUEL GITLIN, Respondent, v. MIZRATH KOSHER PROVISION COMPANY, INC., Defendant, and CHARLES GREENMAN, Appellant. (Consolidated Actions.) — Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ.